FILED
U.S. DISTRICT COURT

2008 SEP 10 PM 3: 42

CLERK _L. Feender_
SO. DIST. OF LA

LEONARD L. DILLARD, SR.,                    )
                                            )
        Plaintiff,                          )
                                            )
    v.                                      )      CV 108-093
                                            )
DAVID M. LEONARD, Badge 299,                )
Special Agent, Georgia Bureau of            )
Investigation, et al.,                      )
                                            )
        Defendants.                         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983 and is seeking to proceed *in forma pauperis* ("IFP"). On July 18, 2008, because of pleading deficiencies in Plaintiff's complaint, the Court ordered Plaintiff to clarify to the Court whether he intended to pursue either habeas corpus relief under 28 U.S.C. § 2241 or a civil rights action under 42 U.S.C. § 1983. (Doc. no. 3). Plaintiff was given fifteen (15) days to comply, and he was informed that the Court would provide him an opportunity to submit the proper IFP motion, as well as an appropriate petition or amended complaint, depending on the relief he decided to pursue. (See id.). Plaintiff failed to respond to the Court's July 18, 2008 Order.

On August 21, 2008, the Court afforded Plaintiff ten (10) additional days to notify the Court of his intention in accordance with the Court's July 18, 2008 Order. (Doc. no. 4).

Plaintiff was warned that if he failed to comply with the Court's July 18, 2008 Order after this ten-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 2). Plaintiff has not responded to the Court's Orders.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").[1] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to clarify to the Court the relief sought, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Rules. Furthermore, because Plaintiff is seeking to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Moreover, Plaintiff was repeatedly warned that failure to respond to the Court's orders would result in dismissal without prejudice. (Doc. nos. 3, 4).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3